UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAYNE THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:17-cv-1246-TWP-MPB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Shayne Thompson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 16-10-0002. For the reasons explained in this Entry, Mr. Thompson's habeas petition must be **denied**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 1, 2016, Corrections Officer T. Shultz, wrote a conduct report charging Thompson with B-204, sexual contact against staff. The conduct report states:

> On 10/1/2016 at approximately 11:35 a.m., I Officer T. Shultz was coming around the back side of ranges 5A and 6A, as me and offender Thompson, Shayne #201199 were coming around to the 5A range, he decided to grab my butt and ask me when he will get his hugs and kisses. I quickly brought my hand around and smacked his hand and yelled at him to stop. Offender Thompson then went into his cell without further incident.

On October 13, 2016, Thompson was notified of the charge of sexual contact and was served with a copy of the screening report. Thompson was notified of his rights and pleaded not guilty. He requested a lay advocate, and a lay advocate was later appointed. Thompson requested to call a witness, offender Terry Thomas. Thompson also requested a "video review—Both angles back of 6A front of 5A."

After one postponement due to staff shortages, and a second postponement to conduct the requested video review, a disciplinary hearing was held on October 26, 2016. Thompson pleaded not guilty and provided the following statement: "simple fact that if something like that happened then she would have called a signal right away. They (the officer's [sic]) would have came [sic] and got me immediately and locked me up."

The disciplinary hearing officer ("DHO") conducted a video review as Thompson requested, but no video of the incident was recorded. The DHO found Thompson guilty of sexual contact against staff (204). The DHO's reasons for decision was: "preponderance of evidence." Due to the seriousness of the offense, the nature of the offense, Thompson's attitude and demeanor during the hearing, the degree to which the violation disrupted / endangered security of the facility, and the likelihood of the sanctions having a corrective effect on Thompson's behavior, the DHO imposed the following sanctions: a written reprimand, 30 days' loss of

phone, commissary, and kiosk privileges, 3 months of disciplinary segregation, 90 days' lost earned credit time, and a demotion from credit class 1 to credit class 2.

Thompson's administrative appeals were denied and he filed this petition for a writ of habeas corpus.

**C. Analysis**

Thompson challenges the disciplinary action against him arguing that there was no physical evidence to support the finding and that the video does not support the conviction. Thompson has also submitted a request for discovery.

1. *Sufficiency of the Evidence*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Thompson was charged and found guilty of offense B-204, sexual contact against staff without consent. Offense B-204 is defined as:

> Contact of a sexual nature with a staff person, including contractual staff and volunteers, which includes intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any staff

person. (Does not include kicking, punching, or grabbing the genitals when the intent is to harm or debilitate rather than to sexually exploit.)

*See* APPENDIX I: Class B Offenses at 3-4, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Officer Shultz's report of conduct states that Thompson "grabbed" her "butt" and asked her "when will he get his hugs and kisses." This is sufficient evidence to sustain the conviction for sexual conduct against staff. *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999) (The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). Thompson also suggests that the video does not support the conviction. The DHO's video evidence review states, "The video was reviewed. There is no video of this incident." Thompson argues that this statement that "There is no video of this incident" means that the incident did not happen. But the statement simply means that no cameras were able to properly record the incident. In short, there was "some evidence," in the form of the Conduct Report, to support the disciplinary conviction and this is all that due process requires.

2. *Request for Discovery*

Thompson has filed a proposed order for production of documents. This is understood to be a request for enlargement of the record to permit him to conduct discovery. Rule 6(a) of the *Rules Governing § 2254 Cases*, 28 U.S.C. § 2254, allows habeas corpus petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). To be entitled to discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the

petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id.* at 908-09.

Thompson seeks discovery in the form of a medical log and a count letter log-in/out list for October 1, 2016, showing that he had a pass for medical. He asserts that these documents are necessary to show that he was receiving medical attention at the time of the incident. But Thompson does not show how these documents would show that his due process rights were violated. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Hill*, 472 U.S. at 454; *Wolff,* 418 U.S. at 570-71 (1974). As already discussed, the evidence was sufficient to sustain the disciplinary conviction. And the existence of these documents does not impact whether he had advance notice of the charges, an impartial decision-maker, or a written statement of the reasons for the decision. Thompson may be suggesting that he was denied the right to present evidence, but he does not argue that he attempted to obtain these documents during the course of his disciplinary proceedings. Because he does not state that he made a timely request for these documents, he cannot show that the failure to produce them violated his right to present evidence. *See Ashby v. Davis*, 82 Fed. Appx. 467, 470 (7th Cir. 2003) (The "first question" when evaluating a petitioner's claim that he was denied requested evidence is whether a "timely request" was made for that evidence.); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) (A request is timely if it is made "either before or at the hearing.").

Because Thompson has not shown that this discovery would allow him to garner sufficient evidence to entitle him to relief, his request for production of documents, dkt. [16], is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Thompson to the relief he seeks. Accordingly, Mr. Thompson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/3/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

SHAYNE THOMPSON
201199
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064